Present, Cushing, Paterson, Chase and Washington, Justices.

Mossman, surviving executor, Plaintiff in error, *v.* Higginson, surviving partner, Defendant in error.

### Amendment.—Description of parties.

A writ of error, regularly tested, with a blank for the return-day, was allowed to be amended, the term to which it was returnable, the time when it was filed in the court below, and when in the supreme court, appearing by indorsements on the writ.[1]

In proceedings in a federal court, in equity, to foreclose, it is as necessary to describe the parties, as in any other suit.

To give jurisdiction to a circuit court, it is not enough that an alien is a party; it must also appear that the other party is a citizen.[2]

This was a writ of error, to remove the proceedings on a bill in equity, from the Circuit Court for the district of Georgia, tested the 27th November 1798, returnable on the —— next. The case, on the bill and pleadings, was briefly this:

Alexander Willy, an inhabitant of Georgia, being indebted to Higginson & Greenwood, British merchants, gave them a bond and mortgage, payable the first of January, 1773. In the year 1778, Willy was banished from the state of Georgia, and his estate confiscated by law. The mortgaged premises were seized and sold by the commissioners for forfeited estates, to certain purchasers, who afterwards sold the same to James Houston; and the property remained in his possession, or in the possession of his executors, until the 12th of September 1796, when it was levied upon, sold and conveyed to William Mien, by the creditors of Houston; notice of the mortgage having been given to Mossman, the executor of Houston, to Mien, the agent for his creditors, and to the marshal, before the sale. In March 1797, Higginson, the surviving mortgagee, filed the present bill, to foreclose the equity of redemption, stating himself to be a subject of Great Britain; but in no part of the proceedings, were the defendants, or any of them, stated to be citizens of the United States. The defendants pleaded the confiscation laws of Georgia in bar, and answered *to the merits; but Washington, Justice, overruled the pleas, and decreed, that unless William [*13 Mien paid the principal and interest of the debt, before the 17th of February 1799, the equity of redemption should be foreclosed. The merits of the decree were not, however, discussed on the writ of error, but the following points occurred:

I. *Dallas*, for the plaintiff in error, moved to amend the writ, by inserting the return-day of the present term, in the blank. The writ is regularly tested, and by indorsements, it appeared, when it was filed below, and when it was filed here. The clerk of the circuit court had also indorsed, "Returnable to February term 1799." There is, therefore, sufficient matter to amend

---

[1] And see Course *v.* Stead, *post*, p. 22.

[2] Jackson *v.* Twentyman, 2 Pet. 136; Picquet *v.* Swan, 5 Mason 35; Wilson *v.* City Bank, 2 Sumn. 422; Prentiss *v.* Brennan, 2 Bl. C. C. 162; Robson *v.* Bernard, 3 Id. 245.

Mossman v. Higginson.

by; and the amendment is within the **provision of the act of congress.** (1 U. S. Stat. 91, § 32.)

By the Court.—Let the amendment be made.

II. It was objected by *Ingersoll* and *Dallas*, for the plaintiff in error, that the jurisdiction of the court did not appear upon the record, as there was no designation of the citizenship of the defendants.   3 Dall. 382, 369; *Turner* v. *Enrille* (*ante*, p. 7).

It was answered, by *E. Tilghman* and *Reed* (of South Carolina), that as no process was prayed against Willy, he was not, in legal contemplation, a party to the suit (1 P. Wms. 593); that the prayer of process against Mossman, who never held the land, was irregular, and to be regarded as mere surplusage; that there was no pretence to charge Houston; and that Mien, being expressly stated to be the purchaser of the land, the court will take notice of the law of Georgia, by which no alien can hold real estate; and by necessary implication, the purchaser must be a citizen.   Besides, it is enough, under the constitution, the treaty of 1783, and the 11th section of the judiciary act, that an alien is a party to the suit, whose real object is the thing mortgaged, a proceeding *in rem*, and not a personal recovery.   At all events, the court will permit the defect to be amended.

*Ingersoll*, in reply.—The judiciary act was only intended to carry the constitution into effect, and cannot amplify or alter its provisions.   The constitution nowhere gives jurisdiction (nor has any judge ever countenanced the idea) in suits between alien and alien.   It is not an exception to the rule, that the bill in equity is in the nature of a proceeding *in rem:* for there cannot be a foreclosure of the equity of redemption, without a personal suit. It is not like the case of a monition to condemn a prize-ship, which is notice to all the world, and no party respondent is requisite; and the supposed inference of citizenship from purchasing land fails, when it is recollected that the purchase does not fix the use.   The jurisdiction of the federal courts (Const. art. III. § 2) *is not, where a question arises that may be affected by a treaty, but where a case arises under a treaty; and if a question on the validity of a treaty arises in a state court, there is a special provision for transferring it to the supreme court. (1 U. S. Stat. 84, § 22.) But in the present instance, it does not appear that any question can arise under the treaty; for it is not referred to, directly nor indirectly, in any part of the record.   As to an amendment, there is nothing to amend by. The citizenship of the defendants could only be judicially known, by the admission of the parties, or by evidence of the fact.   It is not expressly or impliedly admitted; and this court cannot try an issue to ascertain it.

By the Court.—The decisions on this subject govern the present case; and the 11th section of the judiciary act can and must receive a construction consistent with the constitution.   It says, it is true, in general terms, that the circuit court shall have cognisance of suits " where an alien is a party;" but as the legislative power of conferring jurisdiction on the federal courts, is, in this respect, confined to suits between citizens and foreigners, we must so expound the terms of the law, as to meet the case, " where, indeed, an alien is one party," but a citizen is the other.   Neither the constitution, nor

the act of congress, regard, on this point, the subject of the suit, but the parties. A description of the parties is, therefore, indispensable to the exercise of jurisdiction. There is here no such description ; and of course,

The writ of error must be quashed.